**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CRISTO HENRY SERNA ZARETA, et al.,

                Petitioners,

v.                                    CIVIL ACTION NO.   2:26-cv-00069

CHRISTOPHER MASON, et al.,

                Respondents.

**ORDER**

Pending before the Court is a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), filed by Petitioners Cristo Henry Serna Zarate, Edwin Manuel Solis Hernandez, and Daniel Francisco Cruz Romero (collectively, "Petitioners"). (ECF No. 1.) On January 30, 2026, the Court entered an Order enjoining Respondents from removing the Petitioners from this District until a final decision on the Petition is made. (ECF No. 10.) However, Respondents filed a statement on February 2, 2026, representing that they transferred Petitioners to an ICE facility in Arizona on January 29, 2026, before the injunction was entered. (ECF No. 13.)

As an initial matter, this Court has jurisdiction over the Petition. District courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. §2241(a). As such, "[j]urisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). To be clear, though, the court within the district of confinement retains jurisdiction—even when the Government moves the habeas petitioner out of its jurisdiction—so long as the petitioner files a petition naming the immediate custodian within the district of

confinement.  *See id.* at 441; *Lennear v. Wilson*, 937 F.3d 257, 263.n.1 (4th Cir. 2019) ("When the 'government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court [where the petitioner filed a petition] retains jurisdiction.'" (quoting *Rumsfeld*, 542 U.S. at 426, 441)); *see also Sweat v. White*, No. 87–6080, 1987 WL 44445 at *1 (4th Cir. Sept 23, 1987) ("It is well-established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." (citation omitted)).

Here, the Petition was filed within this district and named the Superintendent Christopher Mason of the South Central Regional Jail as "the immediate physical custodian" in this case. (ECF No. 1 at 2–3; *see also* ECF No. 13 at ¶¶ 1, 4 (conceding that Petitioners filed their Petition on January 29, 2026, while still present in this district).)   It was not until later on January 29, 2026, that Petitioners "were transferred out of th[is] district via airplane . . .  to the Arizona Removal Operations Coordination Center."   (ECF No. 13 at ¶ 4.)   Thus, Petitioners' transfer did not occur until *after* Petitioners filed their Petition in this Court, and this Court retains jurisdiction over the Petition.  *See Padilla*, 542 U.S. at 441.  As such, Petitioners return to this district is necessary. *See* 28 U.S.C. § 1651(a) (the court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").[1]

Accordingly, the Court **ORDERS** Respondents to return Petitioners to this District **FORTHWITH**; the Court also **ORDERS** Respondents to file a status update within twenty-four

---

[1] *See also Santiago v. Hyde*, No. 25-13975-FDS, 2026 WL 36472, at *2 (D. Mass. Jan. 6, 2026) (ordering respondents to return the petitioner to Massachusetts or waive any objections to the jurisdiction or authority of the Court to issue the writ); *M.T.M. v. Andrews*, No. 1:25-cv-01094-JLT-SKO, 2025 WL 4058220, at *2 (C.D. Cal. Sept. 11, 2025) (ordering respondents to return the petitioner to the jurisdiction where his habeas petition was filed); *Garcia v. Bondi*, No. 26-cv-00200, 2026 WL 252425, at *3 (D. N.J., Jan. 30, 2026) (granting the petitioner's habeas petition and ordering that the Petitioner be returned to the jurisdiction where he filed his petition.); *Sintuj v. Stramper*, No. 2:26-cv-00027-JAW, 2026 WL 232313, at *6 (Jan. 28, 2026) (ordering the petitioner's return to the jurisdiction where he filed his habeas petition).

hours of the entry of this order, and each day thereafter if necessary, confirming and detailing their return consistent with this order. Respondents are further **ORDERED to IMMEDIATELY** inform the ICE Office of Principal Legal Advisor about this order. The Court further **ORDERS** that upon their return to this district, Petitioners **SHALL NOT BE REMOVED** from this district.

Respondents and ICE are expressly warned that failure to comply with this Court's order could result in a contempt finding and sanctions.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 4, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE