IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CRISTO HENRY SERNA ZARATE, et al.,

    Petitioners,

v.                          CIVIL ACTION NO. 2:26-cv-00069

CHRISTOPHER MASON, et al.,

    Respondents.

**ORDER**

On February 9, 2026, the Court granted the Petition for Writ of Habeas Corpus filed by three Petitioners: (1) Cristo Henry Serna Zarate ("Zarate"), (2) Edwin Manuel Solis Hernandez ("Hernandez"), and (3) Daniel Francisco Cruz Romero ("Romero"). (ECF No. 1.) Respondents initially transferred Petitioners Zarate and Hernandez (collectively, "Petitioners") out of this District to an Immigration and Customs Enforcement ("ICE") facility in Arizona.[1] (*See* ECF No. 13.) However, on February 4, 2026, this Court ordered Respondents to return Petitioners to this District and file a status report within twenty-four hours, "and *each day thereafter* if necessary," confirming and detailing their return. (ECF No. 16 at 2–3 (emphasis added).) The Court "expressly warned" Respondents "that failure to comply with this Court's order could result in a contempt finding and sanctions." (*Id.* at 3.)

Respondents did file a status report on February 5, 2026, stating that "[f]unding has been allocated to pay for their flights and itineraries have been requested." (*See* ECF No. 19.)

---

[1] Petitioner Romero was not transferred out of this District, and the Court ordered Respondents to immediately release him on February 9, 2026. (ECF No. 29.)

1

Respondents filed a second status report on February 6, 2026, stating that "funds to pay for the flights have been approved," but, because "[t]ransport will require multiple stops and layovers . . . the Petitioners are scheduled to arrive in the district on February 12, 2026." (ECF No. 24 at 2.)

To date, Petitioners have not been returned to this District. Yet, inexplicably, Respondents have not provided any additional status reports "confirming and detailing their return." (*Cf.* ECF No. 26.) Was the Court not clear when it instructed Respondents to file status reports "each day"?

Instead, Petitioners' counsel has attempted to keep the Court appraised of Petitioners' whereabouts. On February 10, 2026, Petitioners' counsel informed the Court that Petitioners were being transported to an ICE facility in El Paso, Texas. (*See* ECF No. 30 at 2.) Then, on February 11, 2026, Petitioners' counsel informed the Court that Petitioners were at an ICE facility in Alexandria, Louisiana. (ECF No. 31 at 1.)

It is unfathomable why Petitioners are being transported all over the country instead of back to the Southern District of West Virginia, as ordered by this Court. However, it is inexcusable that Respondents have not continued to file status reports confirming and detailing Petitioners' return to this District, as ordered by this Court.

By failing to file necessary status reports, Respondents have violated the Court's order and may be held in civil contempt. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 820 (4th Cir. 2004) (quoting *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995)). As of today, though, Petitioners are not seeking such a remedy. (*See* ECF No. 31 at 2 (stating that Petitioners reserve "all rights to seek sanctions for Respondents' continued disregard for the Orders of this Court and the rights and humanity of Petitioners").) Thus, at this time, Respondents are strongly reminded of the Court's order to file status reports "each day" that *confirm* and *detail* Petitioners'

2

return to this District.

      **IT IS SO ORDERED**.

      The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 11, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE