IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CRISTO HENRY SERNA ZARATE, et al.,

        Petitioners,

v.                                        CIVIL ACTION NO.  2:26-cv-00069

CHRISTOPHER MASON, et al.,

        Respondents.

**ORDER**

On February 9, 2026, the Court granted the Petition for Writ of Habeas Corpus (the "Petition") filed by Petitioners Cristo Henry Serna Zarate ("Zarate"), Edwin Manuel Solis Hernandez ("Hernandez"), and Daniel Francisco Cruz Romero ("Romero").[1] (ECF No. 15.) On February 12, 2026, the Respondents[2] reported that the Petitioners Zarate and Hernandez have been returned to this District, (*see* ECF Nos. 34, 35), and the Court ordered that Respondents immediately release them, (ECF No. 38). The Court specifically ordered that "any personal possessions belonging to Petitioners Zarate and Hernandez, including identification and other documentation to include legal documents, be returned to them." (*Id.*) However, Petitioners

---

[1] Specifically, the Court **DENIED** the Respondents' Motion to Dismiss, (ECF No. 18-1), and **GRANTED** the Petition, (ECF No. 15). (*See* ECF Nos. 28, 29, 36.)  The Court also ordered Respondents to immediately release Petitioner Romero, who appeared in person.  (*See id.*)

[2] The Petition identifies the following respondents: Christopher Mason, as the Superintendent of the South Central Regional Jail (the "State Respondent"); Michael Rose ("Rose") as the Acting Field Office Director of the Philadelphia Field Office of ICE, Todd Lyons ("Lyons") as the Acting Director of ICE, Kristi Noem ("Noem") as the Secretary of Homeland Security, Pamela Bondi ("Bondi") as the United States Attorney General, (collectively the "Government"); and "John/Jane Doe Nos. 1-3" as "the unknown additional custodians" of Petitioners Zarate and Hernandez.  (ECF No. 15.)

reported that they were released "without personal property seized incident to arrest," including, but not limited to, the following: "telephones, wallets, identification and immigration-paperwork, bank cards, and Petitioner Serna Zarate's passport." (ECF No. 37.)

Accordingly, it is **ORDERED** that (1) Petitioners' property be mailed for return **no later than today, February 13, 2026**; (2) proof of mailing (including a tracking number for the package(s)) be furnished to Petitioners' counsel **today, February 13, 2026**; and (3) to the extent Petitioners' property is not mailed today, Respondents must file a status report **today, February 13, 2026**, and *each day thereafter until proof of mailing is provided*, detailing with specificity all efforts that have been made to recover the property. To be clear, the filing of a status report does not relieve Respondents of their independent obligation to mail the property for return and furnish a tracking number to counsel today.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    February 13, 2026

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE