IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CRISTO HENRY SERNA ZARATE, et al.,

                Petitioners,

v.                                        CIVIL ACTION NO. 2:26-cv-00069

CHRISTOPHER MASON, et al.,

                Respondents.

**SHOW CAUSE ORDER**

On February 9, 2026, the Court granted the Petition for Writ of Habeas Corpus (the "Petition") filed by Petitioners Cristo Henry Serna Zarate ("Zarate"), Edwin Manuel Solis Hernandez ("Hernandez"), and Daniel Francisco Cruz Romero ("Romero").[1] (ECF No. 15.) On February 12, 2026, the Respondents[2] reported that the Petitioners Zarate and Hernandez have been returned to this District, (*see* ECF Nos. 34, 35), and the Court ordered that Respondents immediately release them, (ECF No. 38). The Court specifically ordered that "any personal possessions belonging to Petitioners Zarate and Hernandez, including identification and other documentation to include legal documents, be returned to them." (*Id.*) However, Petitioners

---

[1] Specifically, the Court **DENIED** the Respondents' Motion to Dismiss, (ECF No. 18-1), and **GRANTED** the Petition, (ECF No. 15). (*See* ECF Nos. 28, 29, 36.) The Court also ordered Respondents to immediately release Petitioner Romero, who appeared in person. (*See id.*)

[2] The Petition identifies the following respondents: Christopher Mason, as the Superintendent of the South Central Regional Jail (the "State Respondent"); Michael Rose ("Rose") as the Acting Field Office Director of the Philadelphia Field Office of ICE, Todd Lyons ("Lyons") as the Acting Director of ICE, Kristi Noem ("Noem") as the Secretary of Homeland Security, Pamela Bondi ("Bondi") as the United States Attorney General, (collectively the "Government"); and "John/Jane Doe Nos. 1-3" as "the unknown additional custodians" of Petitioners Zarate and Hernandez. (ECF No. 15.)

1

reported that they were released "without personal property seized incident to arrest," including, but not limited to, the following: "telephones, wallets, identification and immigration-paperwork, bank cards, and Petitioner Serna Zarate's passport."  (ECF No. 37.)

Thus, on February 13, 2026, the Court ordered Respondents to mail Petitioners' property "**no later than today, February 13, 2026**" and provide proof of mailing to Petitioner's counsel. (ECF No. 40.)   If Petitioners' property was not mailed that day, Respondents were ordered to file a status report every day until proof of mailing was provided, detailing with specificity all efforts that have been made to recover the property.  (*Id.*)   The Court was "clear" that "the filing of a status report *does not relieve* Respondents of their independent obligation to mail the property for return and furnish a tracking number to counsel today."  (*Id.* (emphasis added).)

Respondents' counsel has filed daily status reports, in accordance with the Court's order. (*See* ECF Nos. 41–45.)   Yet, that is where compliance with the Court's order stopped, which is completely unacceptable.   To start, Respondents nonchalantly reported, with absolutely no explanation, that "[n]o tracking information is available."  (*See generally id.*)   Further, almost a week later, Petitioners' property still has not been returned to them.   Although Respondents claim that Petitioners' "files"[3] have been shipped, their earlier reports that the files would arrive in this District "on or before Tuesday, February 17, 2026," proved to be false.  (*See* ECF No. 45.)   To make matters worse, Respondents do not have *any* information on the location of Petitioners' other "property."[4]  (*See id.*)

---

[3] Respondents do not specify what documents are included in Petitioners' "files" other than Petitioner Zarate's passport.  (*See, e.g.*, ECF No. 45.)
[4] Respondents do not specify what "property" of Petitioners was "not located."  (*See* ECF No. 45.)

Therefore, for the second time in this proceeding, Respondents have violated the Court's order and may be held in civil contempt. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 820 (4th Cir. 2004) (quoting *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995)); *Buffington v. Baltimore County, Md.*, 913 F.2d 113, 133 (4th Cir. 1990) (explaining that "[w]hen the nature of the relief and the purpose for which the contempt sanction is imposed is remedial and intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained, the contempt is civil"). "The appropriate remedy for civil contempt is within the court's broad discretion," *In re Gen. Motors Corp.*, 61 F.3d at 259, and includes incarceration, an award of damages, and attorney's fees, *see Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018). Thus, the Court **ORDERS** Respondents to appear before this Court on **February 23, 2026, at 2:30 P.M.** to show cause as to why sanctions would be inappropriate.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    February 18, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE